UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AMERICAN CONSOLIDATED INDUSTRIES, INC., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CHAD BLASINGIM, *et al.*, | ) ) ) |
| Defendants. | ) ) |

Case No. 1:19-cv-137

Judge J. Philip Calabrese

Magistrate Judge Thomas M. Parker

| | |
|---|---|
| MONARCH STEEL COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| JAMES MCCRACKEN, *et al.*, | ) ) ) |
| Defendants. | ) ) |

Case No. 5:17-cv-2253

Judge J. Philip Calabrese

## ORDER

On December 28, 2023, the Special Master issued a report addressing a dispute between the parties over expert discovery issues and recommending a proposed pretrial schedule. (*Blasingim* ECF No. 244; *McCracken* ECF No. 114.) After conferring with parties about the status of expert discovery and reviewing the procedural history in this case, the Special Master recommended allowing Defendants to introduce Stephen Ford as an expert witness and to use Mr. Ford's expert report. (*Blasingim* ECF No. 244, PageID #10729; *McCracken* ECF No. 114, PageID #4513.)  Plaintiffs timely object (*Blasingim* ECF No. 246; *McCracken* ECF

1

No. 116), asserting that the Special Master's recommendation is contrary to the Court's prior rulings (*Blasingim* ECF No. 246, PageID #10737; *see* ECF No. 211; *McCracken* ECF No. 116, PageID #4521; s*ee* ECF No. 94). For the reasons that follow, the Court **OVERRULES** Plaintiffs' objection and **ADOPTS** the Special Master's recommendations.

When acting on a special master's order, the Court "may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1). In this respect, the ultimate decision rests with the Court and must be its own. *See Quantum Sail Design Grp., LLC v. Jannie Reuvers Sails, Ltd.*, 827 F. App'x 485, 491 (6th Cir. 2020). In reviewing objections to a master's findings of facts, a court operates with "respect and a tacit presumption of correctness" but "assumes the ultimate responsibility for deciding all matters." *Id.* (cleaned up).

Defendants intend to offer the expert testimony of Stephen Ford to opine on or testify whether certain information or documents constitute trade secrets. (*Blasingim* ECF No. 244, PageID #10725; ECF No. 249-1; *McCracken* ECF No. 114, PageID #4509; ECF No. 119-1.) Plaintiffs argue that the Court's prior ruling (*Blasingim* ECF No. 211; *McCracken* ECF No. 94), and the subsequent case schedules (*Blasingim* ECF No. 225; ECF No. 230; ECF No. 234; *McCracken* ECF No. 101; ECF No. 103; ECF No. 106) preclude Defendants from offering a new liability expert or issuing a new expert liability report (*Blasingim* ECF No. 246, PageID #10739–40; *McCracken* ECF No. 116, PageID #4523–24). Plaintiffs read the Court's prior ruling,

and the resulting case schedules to reopen discovery only for Plaintiff, to limit Defendants to a new rebuttal *damages* expert. (*Id.*) Allowing Defendants to offer Mr. Ford, they argue, would run counter to the ruling and allow Defendants to benefit from prior misconduct in this case. (*See Blasingim* ECF No. 246, PageID #10741; *McCracken* ECF No. 116, PageID #4525.)

After an extensive and detailed review of the record, the Special Master determined that the Court's prior rulings, including the Sanctions Order (*Blasingim* ECF No. 211; *McCracken* ECF No. 94), do not prevent Defendants from offering a new expert. (*Blasingim* ECF No. 244, ¶¶ 9–10, PageID #10727; *McCracken* ECF No. 114, ¶¶ 9–10, PageID #4511.) According to the Special Master, the Sanctions Order did not "expressly limit the expert discovery which was still ongoing at the time" of the Order, and a restriction on expert discovery was not included as a sanction against Defendants. (*Id.*)

The Court agrees. Its Order from December 15, 2022 states, in relevant part: "Because the deadlines for expert discovery in *Blasingim* had not passed when Plaintiffs initiated these proceedings by moving for contempt, the schedule the Court will set will include a period for expert discovery." (*Blasingim* ECF No. 211, PageID #10556–57; *McCracken* ECF No. 94, PageID #4409–10.) Nothing in the record, including the subsequent amended schedule, supports reading this language to foreclose a defense expert on an issue other than damages. Defendants disclosed the expert in accordance with the expert disclosure deadlines set out in the Court's prior

3

scheduling orders. (*Blasingim* ECF No. 244, PageID #10728; *McCracken* ECF No.114, PageID #4512.)

Therefore, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the recommendation of the Special Master. By separate order, the Court will enter a pretrial schedule.

**SO ORDERED.**

Dated: January 10, 2024

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio